### PRICE et al. v. HANSON, District Court Judge.

No. 3767. Decided April 11, 1922. (206 Pac. 272.)

1. PARTIES—IN SUIT TO INCIDENTALLY RESTRAIN PAYMENT OF NOTES, PURCHASERS CANNOT INTERVENE TO SECURE JUDGMENTS AGAINST MAKERS NOT SERVED WITH PROCESS. In a suit by a corporation to adjust the equities between the company and the principal defendant to whom subscribers for the corporate stock had made their subscription notes payable, in which the makers of the notes, more than 1,000 in number, were joined as defendants, and an injunction sought to restrain payment of their notes to the principal defendant, but no process had been issued against any defendants within the time provided by Comp.

Laws 1917, § 6542, purchasers of the notes from the principal defendant were not entitled, after intervening, to ask judgment against the individual makers of the note and issue garnishment to enforce collection, thereby seeking to litigate numerous actions at law against separate defendants in the equity suit, even if they were entitled to intervene to have the notes held by them excluded from the injunction sought.

2. PARTIES—BONA FIDE PURCHASERS OF NOTES HELD NOT ENTITLED TO INTERVENE IN SUIT INCIDENTALLY SEEKING INJUNCTION TO RESTRAIN PAYMENT. Where no process had been issued against defendants in a suit between a corporation and the principal defendant, in which the makers of notes payable to the principal defendant were joined as parties, and in which an injunction against the payment of those notes to the principal defendant was asked, the rights of bona fide purchasers of those notes from the principal defendant were in no way jeopardized and they were not entitled to intervene.

3. PROHIBITION—GRANTING PETITION IN INTERVENTION HELD BEYOND JURISDICTION OF DISTRICT COURT. The action of the district court, before which a suit in equity had been brought by a corporation against the principal defendant, and in which the makers of notes to the principal defendant were joined and injunction against the payment of those notes asked, in permitting the purchasers of the notes from the principal defendant to intervene and file cross-complainants against the several makers to recover the amount of the notes, was in excess of the jurisdiction of the district court, which may be prevented from proceeding further therewith by a writ of prohibition.

4. PARTIES—INTERVENER SHOULD BE AT LEAST PROPER PARTY TO ORIGINAL SUIT. A party seeking to intervene in a particular action should make it appear that he would have been at least a proper party to the action when it was commenced, and would have been entitled to the relief he seeks in a separate action in the same court against the parties against whom he seeks relief.

5. APPEARANCE—UNSERVED DEFENDANT TO ACTION MAY ENTER SPECIAL APPEARANCE TO QUASH GARNISHMENT OF HIS PROPERTY. Where no process had been served upon defendants, but writs of garnishment against claims of some of them had been issued on behalf of interveners, the defendants had the right to appear specially to move to quash the garnishments, and such appearance, when expressly limited to the special purpose, is not a general appearance in the action.

Original application for prohibition by H. L. Price and

others against Ephraim Hanson, as Judge of the District Court of Salt Lake County.

PEREMPTORY WRIT ISSUED.

*Willey & Willey* and *L. E. Nelson,* all of Salt Lake City, for plaintiffs.

*Rich, Rich & Roberts,* of Salt Lake City, for defendant.

FRICK, J.

The plaintiffs herein, in due form, made application to this court, praying for an alternative writ of prohibition against Hon. Ephraim Hanson, judge of the district court of Salt Lake county. The application has been treated by the parties to this proceeding, and will be treated by this court as directed against the district court of Salt Lake county, as well as against the Hon. Ephraim Hanson, Judge.

An alternative writ was duly issued to which the defendant made answer and demurred at the same time. No material issue being presented by the answer, the case was submitted on the demurrer by counsel representing the respective parties to this proceeding. By the demurrer to the application plaintiffs' legal right to the writ of prohibition is challenged, and that presents the principal question for decision in this proceeding.

The undisputed facts make it, in many respects, one of the most complicated, and, we may say one of the most unique, proceedings that has ever come before this court so far as its records disclose. We shall refrain from stating the facts as they are alleged in the application for the writ, but shall, as briefly as possible, state them as they are made to appear from the record and the proceedings had in the district court, all of which have been duly certified to this court, and are made exhibits to and a part of plaintiffs' application.

From the proceedings as certified up it is made to appear that, on the 16th day of November, 1921, the Pioneer Sugar

Company, a corporation, commenced an action in the district court of Salt Lake county against one Ernest Woolley and 1,034 other defendants. We cannot pause here to set forth the allegations of that complaint. It must suffice to say that the action was one for equitable relief merely, and its principal purpose was to maintain the status quo of the parties and the several matters referred to in that complaint until the differences which were alleged to exist between the plaintiff Pioneer Sugar Company and the principal defendant Ernest Woolley could be litigated and adjusted. The other 1,034 defendants were made parties to that action for the reason that they had executed and delivered their promissory notes in various amounts for corporate stock in the Pioneer Sugar Company, and which notes had been transferred by that company to Woolley. The ownership of the stock is a matter in dispute in said action, for which said notes had been delivered to said Woolley, and which it is alleged in said complaint he had obtained unlawfully and unjustly. As before stated, although that action was commenced on the 16th day of November, 1921, yet no summonses had been issued, nor had any waiver of their issuance and service been filed. Neither had any appearances been made in that action in the district court up to the 24th of January, 1922, the date on which the proceedings were certified to this court, and more than three months from the time the complaint was filed. No summonses had therefore been issued or served in that action, nor any appearance by any of the defendants been made within the time provided by our Code. Comp. Laws Utah 1917, § 6542. In the complaint in said action the plaintiff, however, prayed that the 1,034 defendants should be enjoined from paying the notes referred to, to said Woolley, and that in case they were paid that the same be paid into court, so that the proceeds could be dealt with in that action. No judgments, however, were asked or could have been asked, against said 1,034 defendants, or any of them, on such notes. The plaintiffs in this proceeding are a part of the 1,034 defendants in said action, and they are a part of the makers of the notes that are referred to in said action. While said action was pending as

before stated, and before any summons had been served therein, and before the district court had acquired jurisdiction of any of the defendants named in said action, or any of the plaintiffs in this proceeding, a number of persons, including several corporations, filed motions in said action, asking permission to intervene therein. In connection with their several motions to intervene, and as a basis therefor, they presented what are designated "answers and cross-complaints," in which, after admitting and denying certain of the allegations contained in the complaint of the Pioneer Sugar Company, they in substance alleged that they had purchased the notes specified in the several cross-complaints before maturity and in due course, and that they are the lawful owners and holders thereof; and they prayed that they be awarded judgments for the several amounts represented by said notes, with the accruing interest and with reasonable attorney's fees against the makers thereof. Twelve so-called interveners filed such cross-complaints, in which there are set forth 243 separate and distinct causes of action ranging all the way from 3 causes of action in one cross-complaint to 96 in the highest against so many defendants, in which are included the plaintiffs herein. The causes of action vary in amounts from $1.60, the lowest, to $600, the highest. There are, however, only 3 or 4 causes of action that are beyond the jurisdiction of the justices courts of this state, while all are within the concurrent jurisdiction of both the district and the justice courts except the two or three mentioned. The defendants named in the various causes of action aforesaid are residents of Utah, Tooele, Salt Lake, Davis, Weber, Box Elder and Cache counties in the state of Utah, while some of them are residents of the state of Idaho. Out of the 243 causes of action 96 are based upon notes that are not yet due, but on all of them some interest payments were past due when the cross-complaints were presented. There are in the record at least 59 separate orders of intervention, and at least that number of what are called "orders of interpleader." There are a large number of affidavits for writs of garnishment, and a very large number of such writs in the record, which writs were served on

different garnishees. Many answers to these writs of garnishment are also found in the record. While the total amount represented by the 243 causes of action amounts to several thousands of dollars, the attorney's fees demanded amount to between 50 and 70 per cent. of the total amount claimed in those various causes of action.

We have thus, in the briefest possible terms, stated the salient facts which are disclosed by the 886 typewritten pages in the record certified to this court.

It will be observed that, although an action was regularly commenced by the Pioneer Sugar Company by filing its complaint in the district court of Salt Lake county, yet in that action no summonses were ever issued, and no appearance was ever made by any one of the defendants named therein. While, therefore, an action was technically pending in the district court for the purpose of tolling the statute of limitations, when, in December, the several persons and corporations filed their motions supported by their cross-complaints in intervention, yet the district court had not acquired jurisdiction of any one of the defendants named in that action at that time, or at any time. Let it be kept in mind that the action of the Pioneer Sugar Company was merely to maintain the status quo as hereinbefore stated, and no attempt was made in that action to interfere with any of the rights of the socalled interveners. True, it is contended that the Pioneer Sugar Company prayed judgment that the 1,034 makers of the notes be enjoined from paying them, or any of them, to the defendant Woolley, but no restraining order or injunction of any kind was ever issued, much less served, on any of the defendants. They were not even served with process of any kind. In view, therefore, that the so-called interveners in positive terms alleged in their cross-complaints that they had acquired the notes in question before due for value and in due course, and that they are the legal owners and hloders thereof, it is hard to understand how their rights were invaded or affected by the mere filing of the complaint by the Pioneer Sugar Company without more.

Assuming, however, that the interveners might have been

threatened in their rights by what is said in the prayer of
the Pioneer Sugar Company's complaint, yet how could the
interveners have protected. those rights? Surely not by
seeking in that action to litigate the various defenses that the
makers of those notes might have to them. Under no circum-
stances could the interveners have gone into the district court,
or any court of this state, and in one complaint have set up
as many causes of action as the intervener might have against
the makers of the notes, and thus have joined all of the de-
fendants in one action. That would be so even though all of
the defendants had resided in Salt Lake county. Each one of
the defendants had, and continues to have, the right to be
sued on his note separately, and to make his defense in his
own way and at the proper time. A proceeding in which
hundreds of the makers of promissory notes are made de-
fendants in one action to recover separate judgments on such
notes against them is unknown in this jurisdiction. Nor does
it in any way affect the matter that these same defendants
are made parties in an equity proceeding, as was done by the
Pioneer Sugar Company. If process had been issued and
served and the court had issued a restraining order against
the defendants in the Pioneer Sugar Company action, and
the so-called interveners thought that perhaps by that their
rights would be affected or jeopardized, they then could have
prepared a complaint in intervention, setting forth the facts
respecting their ownership of the notes in question, and that
they were the legal holders and owners thereof in due course,
and could have asked the court to exclude all of those notes,
including the defendants who were the makers thereof, from
the Pioneer Sugar Company action. The Pioneer Sugar
Company, as well as Woolley if he so desired, could
then have joined issue upon those facts, and if the
court found that the so-called interveners were the lawful
owners of those notes, as alleged by them, it could, and no
doubt promptly would, have excluded all of those notes from
that action, and would have permitted the interveners to take
such proceedings against the several makers of those notes as
were authorized by law. That was, however, the sole purpose

for which the interveners, could have intervened in that action, and was all the relief the court could lawfully have granted them therein. In view, therefore, that the court had not acquired jurisdiction of any of the defendants in that action, it was powerless to convert the equitable proceeding of the Pioneer Sugar Company into hundreds of legal actions against the makers of the notes, some of whom are plaintiffs in this proceeding.

In view of the state of the action of the Pioneer Sugar Company, however, and in view that the so-called interveners in positive terms alleged that they are the legal owners and holders in due course of the notes in question, their rights were in no way jeopardized or affected, and the district court should promptly have declined to permit them to intervene in this action, and in no event should it have permitted them to intervene for the purposes stated in the so-called cross-complaints. Moreover, the court should have declined to permit the so-called interveners to file their affidavits for garnishment or to take any steps in the Pioneer Sugar Company action by which it was contemplated to obtain judgments against the makers of the notes in question.

Without pausing now to refer to our former decisions wherein the conditions and circumstances under which this court will interfere by prohibition or when it will not do so are stated, and without in any way departing from the law as it is there laid down, we, nevertheless, are forced to the conclusion that in view of the undisputed facts of this case we have no alternative save to grant a peremptory writ of prohibition in this case. What the district court attempted to do, and what it did, in view of the record, to our minds, was clearly in excess of jurisdiction, and it should be restrained from proceeding any further against the plaintiff's herein under the so-called cross-complaints or in the action commenced by the Pioneer Sugar Company.

We could subserve no good purpose in attempting to review the authorities relied on by the attorneys representing the respective parties to this proceding. It must suffice to say that none of them is in point here or has any appli-

cation to such an extraordinary proceeding as is presented by the record before us. We remark, however, that a party seeking to intervene in a particular action should make it appear in his application for intervention that he would have been at least a proper party to the action when it was commenced and in which he seeks to intervene, and that he would have been entitled to the relief he seeks in a separate action in the same court against the parties against whom he seeks relief. In 14 Stand. Ency. Pro. pp. 283 to 343, will be found a very intelligent discussion of when, and under what circumstances intervention may be had. See, also, *Walker* v. *Sanders,* 123 Am. St. Rep. 290, note: *Ex parte Gray,* 157 Ala. 358, 47 South. 286, 131 Am. St. Rep. 62, and 11 Enc. Pl. & Pr. 504.

It is, however, insisted by counsel representing the district court that the plaintiffs herein had entered a general appearance by filing a motion to quash the several writs of garnishment which were issued and served upon the garnishees. There is no merit to the contention. The appearance was a special one, and was made for the sole purpose of assailing the jurisdiction of the district court in making the orders complained of. It is well settled that any one who has been made a party to an action and upon whom no personal service of process has been made, and who has not entered a general appearance, whose property has been attached by a writ of garnishment or otherwise, may appear specially for the purpose of assailing the court's jurisdiction and move to quash the writ of garnishment. *Davis* v. *Cleveland, etc. Ry. Co.,* 217 U. S. 157, 30 Sup. Ct. 463, 54 L. Ed. 708, 27 L. R. A. (N. S.) 823, 18 Ann. Cas. 907.

We have carefully read the motion to quash, which was interposed by the plaintiffs, and there is nothing contained therein from which the court had the right to conclude that the appearance was a general rather than a special one. Nor did the plaintiff ask for anything that could not properly be asked for under a special appearance. In such matters the courts always keep in mind the substance rather than the mere form of things.

There are other reasons that could be assigned why, in our judgment, the district court exceeded its jurisdiction. We do not deem it necessary, however, to prolong this discussion. As was well said by Mr. Justice Thurman in another case which came before this court, that in view that there never can be another case just like this one, it never can become a precedent either for good or for evil. We have therefore treated this case as sui generis. We have no hesitancy in directing a peremptory writ of prohibition to be issued as prayed for in plaintiffs' application. Such is the order. In view, however, that the district court is the only party defendant, no costs will be allowed to the plaintiffs.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.