**366 P.2d 478**

**Lydia Marie ALLRED, Plaintiff and Appellant,**

**v.**

**Leland Stanford ALLRED, Defendant and Respondent.**

**No. 9490.**

Supreme Court of Utah.

Nov. 24, 1961.

Clyde & Mecham, Richard L. Dewsnup, Ronald N. Boyce, Melvin H. Morris, Salt Lake City, for appellant.

Don V. Tibbs, Manti, for respondent.

CROCKETT, Justice.

Plaintiff appeals from an order denying her motion in a separate maintenance action to substitute a party in the place of the defendant, now deceased. Her stated purpose was to have delinquencies in support money reduced to a definite judgment for the purpose of filing a claim thereon in the probate of the defendant's estate in Elko County, Nevada.

The Allreds had married at Manti, Utah on 23 May, 1923. Thirteen months later, in a separate maintenance action in which there was personal jurisdiction over the defendant, plaintiff obtained a decree requiring him to pay $25 per month for herself and their child. Plaintiff avers that defendant made no payments thereon but disappeared from Sanpete County. In 1926 she brought a divorce proceeding in which it was found necessary to serve the defend-ant by publication. On 4 September, 1928, a divorce decree was entered. It recited that the requirement in the earlier separate maintenance decree that the defendant pay $25 per month should remain in effect.

It appears that from 1931 until the time of his death on 24 November, 1960, defendant was a resident of Mountain City, Elko County, Nevada. Mrs. Olive Tillery was appointed executrix of his estate in the Fourth District Court there, where probate proceedings are now pending. Both she, and counsel appearing specially to contest the jurisdiction of the Utah court, refused to enter an appearance or be designated as a party substitute for the defendant in this action. Plaintiff then made the motion to have Mr. Calvin E. Clark, a Utah attorney, substituted for the defendant. The denial of that motion is our concern on this appeal.

Plaintiff advocates the proposition that when ends of justice so require the court may appoint a substitute party, and cites authority which she contends supports that position.[1] In urging that this is such a case she points to the necessity of having a party defendant in order to reduce the delinquencies under the decree to a definite judgment. In that regard counsel states her position thus:

"Since the deceased defendant was not domiciled within the state of Utah

1. Rule 25, U.R.C.P.; Moore's Federal Practice, Vol. 4, Sec. 25-05, p. 518.

at the time of·his death and left no property or assets of any kind whatsoever in the state of Utah, there is no basis for the appointment of an ancillary executor within the state of Utah, therefore there is no personal representative of the deceased defendant who can be served."

■ . The misconception underlying the plaintiff's position is that there is no such necessity under our law. Our statute is liberal as to who may be appointed to administer estates. Sec. 75–4–1, U.C.A.1953 lists in the order of priority the relatives who are entitled to letters, and Sec. 75–4–2 provides:

"* * * if none of the relatives entitled * * * accept, then a creditor or *other person having a claim in or adverse to the estate* shall be entitled to letters * * *."

The emphasized language was added by amendment in Chapter 71 S.L.U.1943. It appears to have been for the very purpose of permitting the appointment of an executor or administrator where there is no other foundation for probate except the existence of a claim for or against the deceased, and consequently his estate.[2] It is therefore apparent that the trial court was correct in denying the plaintiff's motion to join a totally disinterested party nominated by the plaintiff as a substitute for the defendant in the action.

■ Where a cause is remanded for further proceedings it is our duty in the interest of expediting the processes of justice to pass upon matters which will be pertinent in determining the rights of the parties.[3] Therefore, we direct attention to the claim advanced on behalf of the defendant that the ex-parte divorce decree superseded the separate maintenance decree, and that because the court lacked personal jurisdiction in the divorce proceeding there no longer existed any personal judgment against him for support money. In making such claim the defense confronts a.dilemma. In the divorce case the court either had jurisdiction to deal with the question of support, or it did not. If it did, the divorce decree superseded the prior decree in that regard, and it provided for payment. If it did not, the divorce decree did not supersede the prior decree in that regard, and the latter remained in effect, also requiring the defendant to make such payments. The latter is, of course, the correct analysis. Inasmuch as no personal jurisdiction was acquired over the defendant in the divorce action, the separable issue as to what his personal responsibility was, was not affected by that decree. If it did not serve to impose the obligation upon him,

---

2. See discussion in Re Leigh's Estate, 6 Utah 2d 299, 313 P.2d 455.

3. Rule 76(a) U.R.C.P.; Joseph v. W. H. Groves Latter Day Saints Hospital, **7** Utah 2d 39, 318 P.2d 330.

it certainly did not relieve him of it. It would not abrogate the valid prior adjudication on that issue which had been made in the action for separate maintenance.[4]

Affirmed. Costs to respondent.

WADE, C. J., and HENRIOD, McDONOUGH and CALLISTER, JJ., concur.

---

4. In Rees v. Archibald, 6 Utah 2d 264, 311 P.2d 788, we stated, "There is no indication that the court had in personam jurisdiction over him [the defendant] to adjudicate the matter of support. That being so, his responsibility to provide for his child was not affected by the decree." Wagster v. Wagster, 193 Ark. 902, 103 S.W.2d 638 is consistent with our holding that the judgment for separate maintenance was not superseded by a subsequent divorce decree entered in the same state in an ex parte proceeding. See also Estin v. Estin, 296 N.Y. 308, 73 N.E.2d 113, wherein it was held that a New York judgment for alimony was not superseded by a later Nevada divorce decree insofar as the alimony payments were concerned. The action of the New York court was affirmed by U. S. S. Ct., 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561. In Vanderbilt v. Vanderbilt, 354 U.S. 416, 77 S.Ct. 1360, 1 L.Ed.2d 1456, the same principle operated in reverse. Where a husband had obtained an ex parte divorce in Nevada this did not deprive the wife of right to alimony in New York, which was enforced by sequestering the husband's property.