**Leah M. DALY, Executrix for the Estate of Eva Dean Daly, Deceased, Plaintiff and Respondent,**

**v.**

**George F. DALY, Defendant and Appellant.**

**No. 13517.**

Supreme Court of Utah.

March 28, 1975.

David J. Knowlton, Vlahos & Gale, Ogden, Horace J. Knowlton, Salt Lake City, for defendant and appellant.

Grant Macfarlane, Sr., Salt Lake City, for plaintiff and respondent.

HENRIOD, Justice:

Appeal from a judgment in a divorce action. Affirmed in part and reversed in part.

Plaintiff, Leah M. Daly, Executrix of Mrs. Eva Dean Daly, the deceased wife of defendant, which latter was *the original plaintiff that started* this divorce action, was made such plaintiff by order of substi-

tution entered by the trial court. Such substitution was error in our opinion and was vulnerable to a motion to vacate.[1] Although we think the error may have been dispositive of this case procedurally, we do not concern ourselves with such issue, since no one pressed it, but think the solution to this particular case may be found in what follows, which we believe will eliminate considerable procedural circumlocution that ultimately would arrive at the same result anyway.

■ Eva Dean Daly, wife of defendant for many, many years, sued him for divorce and obtained an interlocutory decree to become final in three months. The decree awarded her the home, owned jointly by the parties, subject to an $8,000 equitable lien in favor of defendant. Eva died midway of the three-month period, and Leah, her Executor, was made plaintiff, as reflected above. She, as ostensible plaintiff, was awarded, subject to a lien in defendant for $8,000, the fee title to the property, which naming of Leah as transferee we consider in error, since such a representative under the facts of this case, it would seem, cannot be made the grantee. This, so far at least as one reason is concerned—that the real property vests in the devisees under the will[2] or in the heirs with possession in the representative, subject to probate,[3] and encumbrances.[4]

This brings us to In re Harper's Estate,[5] decided by this court in 1954, which represents the law in this State at the time Eva died. That case, in a unanimous opinion, in which one of our present members participated, in clear enough language, stated the governing rule that:

When the death of one of the parties occurs after the entry of a divorce decree and before the decree is final the decree becomes ineffective to dissolve the marriage, death having terminated that personal relationship. However, the occurrence of death does not abate the action itself and to the extent that property rights are determined by the decree it remains effective and becomes final in the same manner and at the same time as one between living persons.

Such language fully would warrant awarding the home to Eva, (or her devisees or heirs), in case of her death during the interlocutory period, and is reason enough to affirm the trial court's award to the plaintiff's side of this case. This we do, subject to an amendment to the decree, which we also order, awarding the home to the devisee or devisees or the heirs of Eva Dean Daly, deceased, as provided in the statutes mentioned, subject to the lien mentioned, and subject to proper administration of her estate via the probate side of the court.[6]

■ At the same time we affirm the award, we hereby reverse prospectively that part of the decision in In re Harper's Estate, supra, having to do with determination of property rights, and hereby order and adjudge that when the death of one or both of the parties occurs after the entry of a divorce decree and before the decree is final, the decree becomes ineffective and

1. Price v. Hanson, 60 Utah 29, 37, 206 P. 272 (1922) : "A party seeking to intervene . . . should make it appear . . . that he would have been at least a proper party to the action when it was commenced . . . and that he would have been entitled to the relief he seeks in a separate action." See also In re Harper's Est., 1 Utah 2d 296, 265 P.2d 1005 (1954) ; (an independent action).

2. Title 74–1–36, Utah Code Annotated 1953.

3. Title 74–4–2, Utah Code Annotated 1953.

4. At best the decree should have awarded the property to Eva's devisees, or to her lawful heirs, if the property was not disposed of by will, subject to probate including rights of creditors, taxes, liens, (including the equitable lien in this case), etc.

5. Footnote 1, supra.

6. The trial should determine the fact, whether the property was the subject of a testamentary disposition, or intestacy.

is deemed and held to be of no further force or effect.[7]

CALLISTER, C. J., and TUCKETT, J., concur.

ELLETT, Justice (concurring and dissenting):

I concur except I can see no reason for overruling In re Harper's Estate [1] prospectively. If it is bad law for the next case it is bad law for this one. No one involved in the instant matter has sustained any harm or loss by reliance upon the Harper case and for that reason I think the real property should be awarded to the surviving spouse.

If the daughter has any equitable rights in and to the property they would not be affected by this decision.

I would let each party bear his own costs.

CROCKETT, Justice (concurring in result, but dissenting in part):

I am in agreement with the main opinion's affirmance of the judgment of the trial court. This, because I believe its action was correct in all respects and in harmony with the requirements of equity and justice. However, I am impelled to voice disagreement with the opinion's criticism of the case In re Harper's Estate [1] for the following reasons:

First, as the opinion correctly states, the point was not raised; and the comments are but obiter dicta and unnecessary to the decision in this case.

Second, that as applied to its facts, the Harper case is good law; and it is regrettable that those long-buried bones should be disinterred to become controversial again.

Third, and most important, divorce cases are equitable in all respects, particularly here as to the property rights. In many, if not most instances, once there has been litigation and property rights have been determined, they should remain settled, unless for good cause shown the court is persuaded that for equitable considerations they should be changed. This conclusion is supported by the express wording of our statute,[2] which is the logical result of its historical development, and by our decisional law, including the Harper case referred to, which has stood as our law for 21 years; and any change therein (which I think is neither necessary nor desirable) should be legislative.

It is appreciated that there are some cases, mostly of older vintage, which say that upon the death of one spouse during an interlocutory period the divorce action abates. However, the broad assertion that this includes all aspects of the action involves a failure to distinguish between the marital status as such, as distinct from property rights. Whereas, I accept the view of better considered cases, which approach the matter more realistically, and regard the whole proceeding as equitable, and so treat any subsequent change of the decree as the justice and equity of each case may require.

7. We do this for a number of reasons, among which are: 1) That the Harper decision was impractical and unreasonable, in splitting an action to nullify its basic and most important aspect—that of *divorce*, but sanctify property rights which without the marriage, never would have existed. Besides such an illogical result since Harper, the legislature, under Title 30–3–7, U.C.A.1953, emasculates the interlocutory appeal provision, if the court orders a shorter or no waiting period at all.

1. 1 Utah 2d 296, 265 P.2d 1005 (1954).

1. Footnote 1, main opinion.

2. Sec. 30–3–7, U.C.A.1953. "When decree becomes absolute.—The decree of divorce *shall become absolute* at the expiration of three months from the entry thereof, unless . . . the court . . . for sufficient cause upon its own motion or upon the application of any person, . . . *otherwise orders.*"

A primary reason for the ruling of some cases that the action abates derives from the former procedure, where statutes provided for what is sometimes called a decree nisi, that is, only a conditional decree; and that no actual and final judgment could be entered until after the elapse of an interlocutory period; and it was then necessary that there be a separate application and a new and final judgment be entered. Prior to 1913 this was the law in our state. The former statute provided for the interlocutory decree "declaring that the party . . . is entitled to a divorce" and that after the expiration of six months a "final and absolute decree *shall then be entered* upon application to the court by the party . . ." unless some cause was shown to the contrary.[3] However, Chapter 49, S.L.U.1913 changed our law to state that "the decree of divorce *shall become absolute* after the expiration of six months . . . *unless* proceedings for review are pending, or *the court* . . . for sufficient cause . . . *otherwise orders.*"[4]

There is no reason known to me why that statute should not be given effect according to its terms, and the divorce decree regarded as absolute unless for some good cause shown, the court otherwise orders. This leaves the whole matter to be dealt with by the court as the demands of equity and justice require, as it should be.[5] Reflection will make one aware that many divorce cases involve extensive litigation resulting in determination of and/or settlement of property rights. (Particularly so in late marriages, many of which are prone to fall apart.) If one of the spouses dies during the interlocutory period, it is not only in accord with the mandate of the statute, and the decree, but in many, if not most instances, the requirements of equity and justice may best be served, that the decree become final; and that may be especially true as to property rights, where a re-run of extensive controversy and litigation could be avoided.

Inasmuch as the decree nisi, or conditional decree has been abolished in favor of a definite judgment, which becomes final unless otherwise ordered, the reason given for the so-called abatement of a divorce decree having thus ceased to exist, the rule should go with it. The situation here is a prime example of the lament of Justice Holmes to the effect that: "There is nothing more revolting to one's sense of justice than to have it asserted that something must be done that way because it was so laid down in the reign of Henry IV; and it is even more so, if whatever reason for doing it that way has long since vanished."

It should hardly be necessary to go beyond the plain wording of our statute, firmly supported by our long established decisional law in the Harper case, to justify the conclusion herein advocated. But it will be found that there are some well considered cases under statutes such as ours, which are in accord. They make a distinction between the divorce status and property rights and hold that the decree becomes final, at least as to the property rights, unless some affirmative action is taken to prevent it doing so. In In re Garrity's Estate[6] there had been a property settlement agreement approved in the divorce decree. The husband died during the interlocutory period; and the wife petitioned to be appointed administratrix for the purpose of undoing the settlement. It was held that the property settlement, which had been approved by the court in the di-

---

3. Chapter 109, S.L.U.1909.

4. This provision has remained the same through the revisions of our law, except that Ch. 55, S.L.U.1957, re-enacted it, substituting "three months" for "six months."

5. I see no reason why under proper circumstances the death of a spouse should not, if so regarded by the court, constitute ground for setting aside the decree.

6. 22 Wash.2d 391, 156 P.2d 217.

vorce proceeding, was not affected by the husband's death.

The idea that a divorce action does not automatically abate on the death of a party also finds support in the Ohio case of Caprita v. Caprita.[7] There the case had been tried and the court had announced its judgment, but had not caused it to be "journalized" before the husband died. Defendant wife moved to dismiss (abate) the action. The court refused to grant the motion. In sustaining this appeal it was pointed out that the court had authority to enter a decree at the time it rendered the judgment; and that the decree and property award should not be disturbed.

In regard to the daughter Leah, executrix for her mother's estate, being substituted as a party: In harmony with what has been stated above, it is my opinion that the trial court acted within his authority. If a party dies during the interlocutory period and it is made to appear to the court that there is controversy over the property interests settled by the decree; and that it is necessary or desirable that there be further proceedings therein, I can see no reason why a party's executor or administrator should not be substituted, the same as in any other action, as provided in Rule 25, U.R.C.P.[8] Recognition of the principle herein stated: that the decree of divorce as to property rights continues after the death of a spouse is indicated in the case of Allred v. Allred,[9] where the plaintiff wife was attempting to collect from the deceased husband's estate accrued payments of support money.

In consequence of what I have said above, I would affirm the judgment, but without attempting to disturb the law as set forth in the case of In re Harper's Estate. (All emphasis added.)

7. 145 Ohio St. 5, 60 N.E.2d 483, 158 A.L.R. 1204; and see also 24 Am.Jur.2d, Divorce and Separation, Sec. 435.

8. That the executor or administrator may be substituted for a party in accordance with

Rule 25, U.R.C.P.; see Bradbury v. Rasmussen, 16 Utah 2d 378, 401 P.2d 710.

9. 12 Utah 2d 325, 366 P.2d 478.