**TED R. BROWN AND ASSOCIATES, INC.,**
Plaintiff and Respondent,

v.

**CARNES CORPORATION, a corporation, and Long Deming Utah, Inc., a corporation, Defendants and Appellant.**

No. 14057.

Supreme Court of Utah.

March 16, 1976.

————◆————

Jeffrey N. Clayton, O. Wood Moyle, III, and Gerald L. Goulding of Moyle & Draper, Salt Lake City, for Carnes.

Robert D. Merrill, Salt Lake City, for Deming.

Allen H. Tibbals & Craig G. Adamson, of Tibbals & Staten, Salt Lake City, for respondent.

TUCKETT, Justice:

This is an interlocutory appeal granted to determine whether the motion by the defendant Carnes for release of an attachment constituted a general appearance. From an adverse decision Carnes has brought the case here.

Ted R. Brown and Associates, plaintiff herein, brought this action against Carnes' and Brown's successor representative, Long Deming Utah, Inc. The case as it applies to Long Deming is not before the court on appeal. Carnes is a Wisconsin corporation and not qualified to do business in the state of Utah. The plaintiff had entered into an agreement with Carnes and Carnes' predecessor in interest, to act as Carnes' sales representative in Utah, for the purpose of soliciting sales on a commission basis. Business relationship between Carnes and the plaintiff was terminated on or about August 29, 1968. During the time the business relationship existed between the plaintiff and Carnes sales were negotiated by the plaintiff on behalf of Carnes including heating and ventilating equipment installed in the L. D. S. Church office building. The plaintiff claims that Carnes and Long Deming Utah improperly cooperated in the termination of the plaintiff's agreement. These proceedings were initiated by the plaintiff to recover commissions or such portion thereof as it is entitled to, and other damages resulting from a breach of contract and unlawful interference with the contract.

Plaintiff attempted to get jurisdiction over Carnes through the Long-Arm Statute but that matter is not before us. Plaintiff procured the issuance of a writ of attachment which was served upon third parties who supposedly had credits or property belonging to Carnes. The writ was served by the sheriff but returned without his having found or seized any property belonging to Carnes, in other words, it was an empty writ. Defendant Carnes appeared specially and for the purpose of the motion alone for an order of the court releasing attachment on the grounds that it had been improperly issued. Subsequently the plaintiff moved the court for a determination that Carnes by its motion to release the writ of attachment had made a general appearance. The trial court determined that by making the motion Carnes had appeared generally, and ordered that it answer the complaint

of the plaintiff within a specified time. The propriety of that determination is now before this court.

Carnes' motion for a release of attachment was made pursuant to the provisions of Rule 12(b), U.R.C.P. Rule 64C(f)(4) permits the defendant upon notice to the plaintiff to move for a discharge of the writ of attachment on the ground that the same was improperly or irregularly issued. The distinction between general and special appearances has been abolished by the language contained in Rule 12(b) as follows: "No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion or by further pleading after the denial of such motion or objection."

The early case of *Bristol v. Brent*[1] laid down the rule that in attachment proceedings against a nonresident defendant who is not personally served, the court must obtain jurisdiction of the property in order to render a valid judgment. In this case no property was seized pursuant to the writ of attachment and the court acquired no jurisdiction either in personam or in rem by virtue of its issuance. The only problem to be disposed of is whether the motion to release the attachment was a general appearance. The case of *Price v. Hanson*[2] dealt with a similar situation to the one before us where a special appearance was made for the sole purpose of assailing several writs of garnishment by defendants who were made parties to the action but upon whom no service of process had been made. It was held that a general appearance had not been made by appearing specially for the purpose of moving to quash the writs of garnishment. Plaintiff calls our attention to the case of *Zarbell v. Bank of America National Trust and Savings Association*,[3] a decision handed down by the Supreme Court of the State of Washington which dealt with a motion to dismiss based on nonjurisdictional grounds, wherein the court held that the defendant had appeared generally. However, in that case defendant not only attacked the jurisdiction of the court but as a part of the same motion asked that the complaint be dismissed. Defendant having asked for affirmative relief put itself within the court's jurisdiction. Other cases cited by the plaintiff also deal with situations where the motions asked for relief in addition to attacking the court's jurisdiction.

After a careful consideration of the problem here involved we are of the opinion that the defendant Carnes did not make a general appearance by its motion to release the attachment. The decision of the court below is reversed. No costs awarded.

ELLETT, CROCKETT and MAUGHAN, JJ., concur.

HENRIOD, C. J., having disqualified himself, does not participate herein.

1. 36 Utah 108, 103 P. 1076.

2. 60 Utah 29, 206 P. 272. See also: *Orange Theatre Corp. v. Rayherstz Amus. Co.,* 3 Cir.,

139 F.2d 871; *Fahey v. O'Melveny & Myers,* 9 Cir., 200 F.2d 420.

3. 52 Wash.2d 549, 327 P.2d 436.