EMPLOYERS MUTUAL OF WASSAU,
Plaintiff and Appellant,

v.

MONTROSE STEEL COMPANY,
Defendant and Respondent.

No. 14426.

Supreme Court of Utah.

Dec. 27, 1976.

Frank J. Allen, Salt Lake City, for plaintiff-appellant.

Kenneth L. Rothey, Salt Lake City, for defendant-respondent.

ERNEST F. BALDWIN, Jr., District Judge.

Appeal from an order of the District Court of Salt Lake County quashing service of summons and releasing writ of garnishment. Reversed, and order vacated and set aside and case remanded to the District Court of Salt Lake County for further proceedings.

The plaintiff, Employers Mutual, is a foreign corporation duly qualified and licensed to do business in Utah. Gibbons and Reed Company is a corporation, with its main office in Salt Lake City, Utah, and the defendant, Montrose Steel Company, is a

corporation doing business in Nevada, but not qualified to do business in Utah.

Gibbons and Reed, a contractor, had a subcontract with Montrose Steel Company. Kenneth Harris, an employee of Montrose Steel, was injured in an accident while in the course and scope of his employment with Montrose and while they were engaged in the subcontract work for Gibbons and Reed. Montrose had no workmen's compensation insurance as required by law, and Gibbons and Reed was required to make compensation payments to Mr. Harris. Plaintiff claims the right to recover against Montrose Steel for amounts paid to Kenneth Harris as workmen's compensation benefits, and which by law were required to be paid by the general contractor, Gibbons and Reed Company, to the subcontractor's employee.

Employers Mutual filed suit against Montrose Steel in the District Court of Salt Lake County and moved the court for a prejudgment writ of garnishment, directed to Gibbons and Reed. The prejudgment writ of garnishment was issued, pursuant to the provisions of Rule 64B of the Utah Rules of Civil Procedure and by order of the District Court of Salt Lake County. The affidavit in support of the writ of garnishment stated that Gibbons and Reed was indebted to Montrose Steel for an amount in excess of $4,000, the amount asked in the complaint filed by Employers Mutual.

A prejudgment writ of garnishment was issued and served upon Gibbons and Reed in Salt Lake City, at its general office. Gibbons and Reed answered the writ of garnishment and stated that it was indebted to Montrose Steel in the sum of $2,512.22.

Montrose Steel was served with process in the state of Nevada and the Sheriff of Elko County served copies of the Summons and Complaint, Affidavit for Garnishment, Motion for Prejudgment Garnishment and Writ of Garnishment and Order to Show Cause upon Montrose Steel. Montrose Steel, by its attorney, made a special appearance in the action and moved the court to quash the Service of Summons and for an order recalling the Writ of Garnishment.

January 14, 1976, an order was entered by the District Court of Salt Lake County, recalling the Writ of Garnishment and Releasing the Garnishee and quashing the Service of Summons, "the court having no jurisdiction over the defendant or subject matter."

*Bristol v. Brent,* 36 Utah 108, 103 P. 1076, has long been the law in this State. This case involved a nonresident defendant and garnishment of a debt due to defendant by garnishee within the jurisdiction of the court. The jurisdiction of the court was questioned and in holding that the court did have jurisdiction over the res, stated:

> . . . In case of an attachment of a debt by garnishment, the writ of garnishment performs the functions of a writ of attachment, and a debt owing by the garnishee to the defendant may be attached by due service of such writ upon garnishee. In such a proceeding, in order to confer jurisdiction upon the court, two things are essential: (1) Jurisdiction of the person of the garnishee; and (2) jurisdiction of the debt owing by the garnishee to the defendant, which constitutes the res. A proceeding by which jurisdiction is sought by attaching property, whether tangible or intangible, such as a debt, is essentially a proceeding in rem; that is, a proceeding against a thing which is brought into the custody of the law and hence within the jurisdiction of the court. . . .

This court in a recent case, *Brown v. Carnes Corporation and Long Deming Utah, Inc.,* 547 P.2d 206 (Utah 1976), reiterates the principles set forth in the *Bristol v. Brent* case and referred to that case in holding that the court can obtain jurisdiction of property of a nonresident defendant by attachment of the property within the state, or in the hands of one over whom the state had jurisdiction.

The presence of the res within the state gives the courts jurisdiction over the same. Where a nonresident has property within the jurisdiction of the court, the court has the power to control the disposi-

tion of that property and to determine the nature and extent of interests in said property and may take the property to satisfy just claims of those lawfully present in the state. The court cannot adjudicate the liability of nonresidents over whom it not otherwise obtained jurisdiction and who have no property within the state. In an action in rem, the court has jurisdiction over the property, as the subject matter of the suit, and it attaches at the institution of the suit.

The District Court of Salt Lake County does have in rem jurisdiction over the res, the debt owed by Gibbons and Reed to Montrose Steel. The court has inherent power to adjudicate with reference to property within the state and power to deal with that property within the state, tangible or intangible.

Justice Holmes in *McDonald v. Mabee*, 243 U.S. 90, 37 S.Ct. 343, 61 L.Ed. 608, in discussing the jurisdiction of a court in a garnishment or attachment proceeding said: ". . . the foundation of jurisdiction is physical power."

 Any contention that a foreign corporation, duly qualified, licensed and authorized to do business in the State of Utah, cannot pursue the remedies of attachment and garnishment in this State, is without merit. As stated in 6 Am.Jur.2d 720:

. . . an action commenced by process of foreign attachment or garnishment may be instituted by a nonresident or a foreign corporation qualified to do business within the state, against a foreign corporation owning property or credits within the state, although the nonresident plaintiff's cause of action arises, or the obligation on which it is based is made and is payable, in another state and the defendant corporation was not doing business, or was not qualified to do business, within the state. . . .

Utah statutes, Title 16–10–103, U.C.A.1953, as amended provide:

A foreign corporation which shall have received a certificate of authority under this act shall, until a certificate of revocation or of withdrawal shall have been issued as provided in this act, enjoy the same, but no greater, rights and privileges as a domestic corporation organized for the purposes . . . . .

The District Court had jurisdiction of the garnishee, Gibbons and Reed. The debt, obligation, owed by Gibbons to Montrose was within the jurisdiction of the court and the prejudgment garnishment proceeding was in accordance with Utah law.

We reverse the order of the District Court and direct that the Order Releasing Writ of Garnishment and Quashing Service of Summons be vacated.

HENRIOD, C. J., and ELLETT, CROCKETT and MAUGHAN, JJ., concur.