Phyllis **FARRELL**, Plaintiff and Appellee,

v.

Deanne Farrell **PORTER**, David Jonathon **Farrell**, and Lori P. **Farrell**, Defendants and Appellants.

No. 910463–CA.

Court of Appeals of Utah.

April 9, 1992.

---

Duane R. Smith (argued) Salt Lake City, for defendants and appellants.

Robert H. Wilde, Kelly De Hill (argued), Midvale, for plaintiff and appellee.

Before BILLINGS, Associate P.J., and JACKSON and RUSSON, JJ.

## OPINION

BILLINGS, Associate Presiding Judge:

This is an appeal from a grant of summary judgment in a probate proceeding. The trial court held that appellee Phyllis Farrell (Phyllis) is the surviving spouse of Russell Farrell (Russell). Appellants, Russell's adult children from a previous marriage, claim the trial court erred. We affirm.

## FACTS

Phyllis and Russell Farrell married April 22, 1978. No children were born of the marriage, but both had children from previous marriages. In early 1989, Phyllis and Russell separated, and Phyllis filed a complaint for divorce on or about April 7, 1989. Russell signed a document entitled "Acceptance of Service, Appearance, Consent and Waiver" on April 8, 1989, stipulating to the entry of a default divorce. Russell then moved to Alaska and never returned to Utah.

The default divorce was set for hearing in July 1989. Because Phyllis failed to appear, the hearing was rescheduled for August 21, 1989. Russell died August 15, 1989 when the fishing vessel upon which he was employed capsized. Because neither Phyllis nor appellants had been notified of Russell's death by August 21, 1989, the divorce hearing proceeded. After learning of Russell's death, Phyllis moved to have the divorce decree vacated nunc pro tunc. Her motion was granted October 2, 1989.

Phyllis filed a "Petition for Determination of Heirs" in the probate proceedings for Russell's estate. By this petition, Phyllis sought a court order declaring her to be Russell's widow because she and Russell were married at the time of his death. Appellants objected to the petition, claiming Phyllis is not Russell's surviving spouse due to the divorce action. The trial court granted Phyllis's motion for summary judgment, determining that she is Russell's widow and an heir to his estate.

On appeal, appellants contend the trial court committed reversible error because, pursuant to Utah Code Ann. § 75–2–

803(2)(a) (1978), a provision of the Utah Uniform Probate Code, Phyllis should not be considered Russell's surviving spouse.

## SURVIVING SPOUSE

■ Appellants claim Phyllis is not Russell's surviving spouse because she filed a complaint for divorce before his death and had a decree of divorce entered after his death. The Utah Supreme Court addressed the effect of a party's death during a divorce proceeding in *Daly v. Daly*, 533 P.2d 884 (Utah 1975). The court held that "when the death of one of the parties occurs after the entry of a divorce decree and before the decree is final the decree becomes ineffective." *Id.* at 885. In *Nelson v. Davis*, 592 P.2d 594 (Utah 1979), the Utah Supreme Court elaborated upon *Daly*, stating that "when the death of one or both parties to a divorce action occurs during the pendency of the action, the action itself abates and their status, including their property rights, reverts to what it had been before the action was filed." *Id.* at 597.[1] Under Utah common law, Phyllis is Russell's surviving spouse because Russell's death terminated the divorce proceedings.

■ Appellants claim section 75–2–803(2)(a) changes this common law principle. Under this statute, one "who obtains or consents to a final decree or judgment of divorce from the decedent" which is "not recognized as valid in this state" is not a surviving spouse unless the couple subsequently participate in a marriage ceremony or live together as man and wife. *Id.* Appellants contend the divorce decree Phyllis obtained after Russell's death was invalid because the court did not have proper jurisdiction. Therefore, appellants claim Phyllis meets the statutory criteria and does not qualify as a surviving spouse.

Utah's appellate courts have never construed section 75–2–803(2)(a). Appellants refer us to *Prudential Insurance Compa-*

*ny of America v. Dulek*, 665 F.2d 217 (8th Cir.1981), claiming this case supports their interpretation of the effect of section 75–2–803(2)(a). In *Dulek*, Mrs. Dulek obtained a preliminary divorce decree in Nebraska. *Id.* at 218. Under Nebraska law, a preliminary decree does not become final for six months. *Id.* Before this waiting period elapsed, Mr. Dulek died in a motorcycle accident. *Id.* Subsequently, both Mrs. Dulek and Mr. Dulek's parents claimed the proceeds of Mr. Dulek's life insurance policy. *Id.* The trial court held that Mrs. Dulek was Mr. Dulek's widow and, thus, entitled to a preferential position in receiving the insurance funds. *Id.*

On appeal, the United States Court of Appeals for the Eighth Circuit reversed, relying on a statute almost identical to section 75–2–803(2). *See id.* at 219–20. However, the court ignored the provision appellants argue is dispositive in the present case. Instead, focusing on another subsection of the statute[2], the court held that Mrs. Dulek was precluded from claiming the rights of a surviving spouse because she was "a party to a valid proceeding (the divorce) in which the state court issued an *order* purporting to terminate all property rights against the decedent." *Id.* at 220 (emphasis added).

Appellants fail to comprehend a significant factual distinction between *Dulek* and the present case. Unlike the situation in *Dulek*, Phyllis never obtained any valid preliminary, interlocutory, or otherwise temporary order or decree terminating her marriage before Russell's death. Phyllis's mere filing of a complaint for divorce cannot be equated with obtaining an interlocutory decree of divorce.

We are persuaded section 75–2–803(2)(a) reasonably refers to an invalid divorce decree obtained while the decedent was still alive, not one mistakenly issued after the

---

1. Although *Daly* and *Nelson* were decided under previous Utah law requiring divorcing couples to obtain an interlocutory decree which would become final in three months, both support Phyllis's argument that a death before a final decree of divorce is issued renders the divorce invalid.

2. *Cf.* Utah Code Ann. § 75–2–803(2)(c) (1978) (A surviving spouse does not include "[a] person who was a party to a valid proceeding concluded by an order purporting to terminate all marital property rights.").

death of one of the parties. There was never a divorce decree in this case as one cannot divorce a dead person. Therefore, we find section 75–2–803(2)(a) inapplicable to the facts of this case and affirm the trial court's ruling that Phyllis Farrell is Russell Farrell's widow and entitled to share in his estate.

## FRIVOLOUS APPEAL

Phyllis contends appellants have filed a frivolous appeal pursuant to Rule 33 of the Utah Rules of Appellate Procedure.[3] The Utah Supreme Court recently described a frivolous appeal as "'[o]ne in which no justiciable question has been presented and ... is readily recognizable as devoid of merit in that there is little prospect that it can ever succeed.'" *Hunt v. Hurst,* 785 P.2d 414, 416 (Utah 1990) (quoting Black's Law Dictionary 601 (5th ed. 1979)). Sanctions are appropriate for appeals "obviously without merit, with no reasonable likelihood of success, and which result in the delay of a proper judgment." *Maughan v. Maughan,* 770 P.2d 156, 162 (Utah App.1989). However, sanctions for filing frivolous appeals are "applied only in egregious cases, 'lest there be an improper chilling of the right to appeal erroneous lower court decisions.'" *Id.* (quoting *Porco v. Porco,* 752 P.2d 365, 369 (Utah App. 1988)).

Although appellants' arguments are based on a rather strained reading of the probate code, we cannot say that this is an egregious case where all competent counsel would recognize the arguments made on appeal are without merit. We, therefore, decline to award attorney fees.

JACKSON and RUSSON, JJ., concur.

---

**3.** A frivolous appeal is "one that is not grounded in fact, not warranted by existing law, or not based on a good faith argument to extend, mod- ify or reverse existing law." Utah R.App.P. 33(b).