301 P.2d 1086

**TRACY–COLLINS TRUST COMPANY, a corporation, Plaintiff and Respondent,**

v.

**Francis Boydell GOELTZ, Defendant,**

and

**Marian Story Goeltz, Defendant and Appellant.**

No. 8476.

Supreme Court of Utah.

Oct. 1, 1956.

W. D. Beatie, Owen, Ward, Sheffield &
Greenwood, Dean W. Sheffield, Salt Lake
City, for appellant.

Franklin Riter, Salt Lake City, for respondent.

WORTHEN, Justice.

Appeal from a judgment foreclosing a mortgage on certain real property, and declaring the plaintiff to be subrogated to rights under a previously existing mortgage and ordering the real property sold to satisfy first the claim under the subrogation and second the subsequent mortgage.

The real property in question was acquired by the defendants as joint tenants on July 31, 1936. The defendants owned the property as joint tenants from the date of acquisition to March 31, 1952, when the property was awarded to appellant Marian Story Goeltz in a divorce action. At all times herein mentioned up to March 31,

1952, the defendants were husband and wife.

On October 27, 1936, defendants executed a mortgage covering the real property in question in favor of Tracy Loan and Trust Company, the name by which the plaintiff corporation was formerly known, to secure the payment of their promissory note in the principal amount of $6,000. On May 5, 1937, the said $6,000 mortgage was assigned to the R.F.C. Mortgage Corporation, which on July 21, 1938, assigned the mortgage to Pacific Mutual Life Insurance Company.

On the 10th day of May, 1948, defendant Francis Boydell Goeltz executed a promissory note for $7,100 to plaintiff, together with a real estate mortgage covering the real property in question to secure the same. The said note and mortgage for $7,100 purported to bear the signature of appellant; the purported signature of appellant was not affixed to said note and mortgage by appellant.

At the time defendant Francis Boydell Goeltz discussed with officers of plaintiff the possibility of obtaining the loan of $7,-100 he was advised that if said loan were made, it would be upon condition that the mortgage for $6,000 given October 27, 1936, was paid off. The papers were prepared and defendant Francis Boydell Goeltz signed the same at plaintiff's place of business. Mr. Goeltz represented that his wife,

the appellant, was ill, and requested that he be permitted to take them out for her to sign. Defendant Francis Boydell Goeltz returned the papers with what purported to be appellant's signature affixed to the note, the mortgage and the other paper.

One check was issued by plaintiff in favor of Pacific Mutual Life Insurance Company for $3,224.41 to pay off the 1936 mortgage, and after deducting certain expenses, a check for $3,851.60, the balance of the $7,100 loan, was issued to defendant Francis Boydell Goeltz.

Appellant first learned of the existence of the 1948 mortgage for $7,100 in 1951. The evidence justifies the conclusion that the monthly payments made on the 1936 mortgage up to 1948, when the same was paid off, were made by Francis Boydell Goeltz. Had appellant been making the payments on the $6,000 mortgage, she would have found out in June, 1948, that that mortgage had been paid and satisfied. The record discloses that she did not learn of the payment of the $6,000 mortgage by proceeds of the 1948 mortgage until 1951.

The trial court ordered that respondent have and recover from the defendants, jointly and severally, the sum of $3,227.15, together with interest, and ordered that respondent have and recover from defendant Francis Boydell Goeltz alone the sum of $3,576.70, together with interest, attorney's fees and costs.

The trial court ordered that respondent be subrogated to all of the rights, estates, claims, liens and interest of the Pacific Mutual Life Insurance Company under the $6,000 mortgage executed by both defendants in favor of respondent, and further ordered that the property be sold to satisfy the amount due plaintiff on its joint and several judgment against both defendants.

The trial court ordered that the undivided one-half interest of the defendant Francis Boydell Goeltz in said property owned by him on May 10, 1948, (other than the interest of said Francis Boydell Goeltz ordered sold with the interest of Marian Story Goeltz to satisfy the amount due plaintiff on its joint and several judgment against both defendants) be separately sold to satisfy the amount due plaintiff on its judgment against defendant Francis Boydell Goeltz alone under the note and mortgage executed by said defendant on May 10, 1948, in favor of plaintiff.

Appellant assigns and argues as error: first, the order of the trial court subrogating respondent to all the rights, liens and interest of the Pacific Mutual Life Insurance Company under the $6,000 mortgage by reason of the payment of the sum of $3,224.41, the balance due on said mortgage, and second, the holding of the trial court that the joint tenancy of defendants in said property was severed and a tenancy in common created by the execution by defendant Francis Boydell Goeltz of the $7,100 mortgage dated May 10, 1948, since said mortgage was void and could not effect a severance of the joint tenancy interest of defendants.

Appellant contends that respondent is not entitled to be subrogated to the rights of Pacific Mutual Life Insurance Company by reason of having paid the balance due under the 1936 mortgage to retire the same. She contends that the respondent had no interest to protect, that the mortgage was void, and contends further that respondent was guilty of culpable negligence.

As heretofore observed, it is established that the monthly payments on the 1936 mortgage were made by Francis Boydell Goeltz up to the time the mortgage for $7,100 was given on May 10, 1948. Respondent was in 1948, when the mortgage for $7,100 was given, acting as agent for Pacific Mutual Life Insurance Company to receive the payments from defendants under the 1936 mortgage.

Defendant Francis Boydell Goeltz talked with an officer of respondent about securing an increased mortgage loan on the security of the mortgaged premises. He was informed that the indebtedness could be increased only by a new loan, with part of the proceeds of such loan going to pay the balance due on the 1936 mortgage, and that no loan would be made unless the same was secured by a first mortgage on the property. Defendant represented to respondent that he desired additional funds to meet the cost

of remodeling the house situated on the mortgaged premises.

Defendant Francis Boydell Goeltz agreed to the requirement of respondent. The note for $7,100 and the real estate mortgage were signed by defendant Francis Boydell Goeltz at the office of respondent. Upon the return of the note and mortgage with what purported to be the signature of appellant, the respondent paid out the $7,100 by paying off the balance due the Pacific Mutual Life Insurance Company on the 1936 mortgage, and delivered the balance of the new loan to Francis Boydell Goeltz.

Appellant's contention that the mortgage was void cannot be sustained. It is admitted that the obligation owing from defendants to the Pacific Mutual Life Insurance Company was a valid joint and several obligation. The interest of each defendant in the property in question was subject to the lien of said mortgage.

Appellant contends that since the note and mortgage for $7,100 were prepared with the understanding that they would be signed by both defendants and would be secured by the entire interest of both defendants in the property, and since it appears certain that respondent only intended to make the loan if secured by the full interest of both defendants, that the mortgage was conditioned upon appellant's executing the note and mortgage in question. Appellant cites and relies on the case of Stockyards National Bank, etc. v. Bragg,[1] as authority that where a mortgage is accepted upon condition that certain other persons execute a valid mortgage and the condition is not complied with, the mortgage is invalid.

In that case certain adults and certain minors were obligated jointly. The creditor of said adults and minors agreed to an extension on the obligation if the interests of each and all of the adults and of the minors were by proper and lawful mortgage conveyed to him as security for said indebtedness. The adults gave their mortgage but the minors failed to give a valid mortgage. This court held that the mortgage given by the adults was conditioned upon the giving of the mortgage by the minors, and vacated the judgment.

The situation here presented is not the same. Appellant is not entitled to set up said defense. If any defense were available, it would be in favor of Francis Boydell Goeltz.

There is no evidence that Mr. Goeltz agreed to delivery of the new note and mortgage for $7,100 only on condition appellant also sign. Mr. Goeltz delivered the note and mortgage representing to respondent that appellant executed the same. The facts in this case do not warrant any conclusion that defendant Francis Boydell

Goeltz executed the note and mortgage only on condition that his wife sign. No defense is available to him that his delivery of the documents were conditional. In fact, defendant Francis Boydell Goeltz admits that the note and mortgage dated May 10, 1948, are his binding obligations.

As to the defendant Francis Boydell Goeltz, the note and mortgage and are not void but are valid binding obligations, freely and unconditionally entered into. Nor are we from a review of the facts able to see culpable negligence on respondent's part.

We are of the opinion that the record fully supports the order of the trial court in subrogating respondent to all the rights of Pacific Mutual Life Insurance Company. It is well recognized that the primary reason for the adoption of the equitable principle of subrogation is to prevent a debtor from unjustly enriching himself by having a third party pay his indebtedness. We believe it unnecessary to enter into any extended discussion of legal and conventional subrogation. In this case, for a period of 12 years appellant had permitted her husband to represent them in making payments under the 1936 mortgage. The negotiations made by defendant Francis Boydell Goeltz with respondent were made by one owning a joint tenancy interest in the mortgaged property and by one who

with appellant was jointly and severally liable for the obligation.

Francis Boydell Goeltz was in a position to lawfully convey or encumber the property to the extent of his interest. He, as joint owner of the property and as joint obligor under the 1936 mortgage, was entitled to negotiate for the enlarged loan.

This court in Martin v. Hickenlooper,[2] speaking of subrogation, said:

"* * * In the first place, it is a purely equitable doctrine borrowed from the civil law. It was first applied only in the case of sureties. As stated in the case of Beaver County v. Home Indemnity Co. [88 Utah 1] 52 P.2d 435, equity first applied the doctrine strictly and sparingly. It was later liberalized and its development was the natural consequence of a call for the application of justice and equity to particular situations. It became recognized as a wholesome and highly meritorious doctrine and is now highly favored in equity."

In the Hickenlooper case, supra, this court quoted approvingly the following language from the Minnesota court, Emmert v. Thompson, 49 Minn. 386, 52 N.W. 31:

" 'The better opinion now is that one who loans his money upon real estate security for the express purpose of

2.   90 Utah 150, 59 P.2d 1139, 1140, 107 A.L.R. 762.

taking up and discharging liens or incumbrances on the same property has thus paid the debt at the instance, request, and solicitation of the debtor, expecting and believing, in good faith, that his security will, of record, be substituted, in fact, in place of that which he discharges, is neither a volunteer, stranger, nor intermeddler, nor is the debt, lien, or incumbrance regarded as extinguished, if justice requires that it should be kept alive for the benefit of the person advancing the money, who thereby becomes the creditor.' "

Again this court in the Hickenlooper case, supra, quoted approvingly from the New Jersey court, Jackson Trust Co. v. Gilkinson, 105 N.J.Eq. 116, 147 A. 113 as follows:

" ' "The generally accepted view at the present time, however, is that it is not necessary that there should be an express agreement that the prior lien shall be kept alive for the benefit of one advancing money to pay it, or that it be assigned, but if from all the facts and circumstances surrounding the transaction it is clearly to be implied that it was the intention of the parties that the person making the advance was to have security of equal dignity and position with that discharged then equity will so decree. In such cases equity, speaking from the standpoint of good conscience, substitutes the person so paying the debt to the place of the original creditor, so far as to enable him to enforce the security for the purpose of reimbursement." ' "

In this case respondent imposed as a condition to granting the new loan that the 1936 mortgage be retired and that respondent have a first mortgage on the premises. It would indeed be most inequitable to permit the payment by respondent of the balance due under the 1936 mortgage under the situation here disclosed and permit appellant as well as her former husband to receive a gratuity, unearned and not justified, of the $3,224.41 paid to Pacific Mutual Life Insurance Company.

Appellant is in no worse position than had respondent taken an assignment of the 1936 mortgage from Pacific Mutual Life Insurance Company and a second mortgage for the additional amount of approximately $3,900.

Nor is there any merit to appellant's second contention. Appellant does not dispute the proposition that a joint tenant of real property by conveying or mortgaging his interest therein by a valid deed or mortgage severs and terminates the joint tenancy by the creation of a tenancy in common.

Appellant, however, contends that the mortgage for $7,100 given to respondent was absolutely void and therefore did not

effect a severance of the joint tenancy and create a tenancy in common. From what we have heretofore said regarding said mortgage, it is apparent that the mortgage was not void but only inoperative to create a lien against appellant's interest in the property beyond making it subject to the rights of respondent resulting from its being subrogated to the rights of the Pacific Mutual Life Insurance Company.

Judgment affirmed. Costs to respondent.

McDONOUGH, C. J., and CROCKETT, HENRIOD and WADE, JJ., concur.