In Matter of Estate of Mavrogenis, Deceased: State, Appellant, v. Mavrogenis, Respondent.

*No. 75–80. Submitted on briefs September 14, 1976.—Decided October 19, 1976.*
(Also reported in 246 N. W. 2d 147.)

For the appellant the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Allan P. Hubbard,* assistant attorney general.

For the respondent the cause was submitted on the brief of *Peter S. Balistreri* and *Burke & Schoetz* of Milwaukee.

DAY, J. The facts are stipulated. The decedent, Samuel Mavrogenis and his wife Eugenia Mavrogenis who is also the personal representative of his estate and petitioner here, acquired three parcels of property in Milwaukee and Wauwatosa between 1945 and 1966 which they held in joint tenancy. Mr. Mavrogenis furnished all the consideration for the properties.

The petitioner's husband knew that he had terminal cancer when, in June, 1973, the couple converted the three properties from joint tenancy with right of survivorship to tenancy in common. After Samuel Mavrogenis died on October 31, 1973, the petitioner, as personal representative of her husband's estate, filed the Wisconsin Inheritance Tax Return, returning the three parcels of real estate at one-half value. The Wisconsin Department of Revenue assessed the full value of the real estate contending that the conversions

from joint tenancy to tenancy in common were transfers in contemplation of death under sec. 72.12 (4) (a), Stats. 1973.[1] On February 5, 1976, the county court found for the petitioner and ordered that the parcels be returned at one-half value. The department appeals from that order.

The three parcels of land are valued by the department at $139,355. Petitioner paid the tax under protest. The conversion of the joint tenancies to tenancies in common was effected with no money paid between the spouses.

If Samuel Mavrogenis had died seized of his properties as a joint tenant with his wife, and assuming that his wife did not contribute consideration in money or money's worth for the properties, 100% of the value of the properties would have been subject to the inheritance tax. Sec. 72.12 (6) Wis. Stats. 1973.[2]

[1] "72.12 *Transfers liable.* A tax is imposed upon any transfer to any distributee in the following cases:

"...

"(4) *Transfer in Contemplation of Death or to Take Effect After Death.* (a) *Transfer in contemplation of death.* When the transfer is made in contemplation of the death of the transferor. Every transfer of property composing a material part of the transferor's estate, made within 2 years prior to the death of the transferor or in the nature of a final disposition or distribution, and without adequate and full consideration in money or money's worth, shall be deemed made in contemplation of death within the meaning of this subchapter, unless shown to the contrary."

[2] "(6) *Survivorship Interests.* (a) *Rule.* When property is held in the names of 2 or more persons with the right of survivorship, upon the death of one of the persons. Transfer of the full clear market value of the entire property is subject to this subchapter.

"(b) *Exceptions.* If the property or the consideration with which it was acquired, or any part of either, is shown to have originally belonged to the survivor and never to have been received or acquired by him from the decedent for less than adequate and full consideration in money or money's worth, the transfer of the property or the part originally furnished by the

The effect of the conversion to tenancy in common was to take the properties out of the 100% taxation provision of sec. 72.12(6).[3]

The state argues that the conversion, which took place after the couple knew of Mr. Mavrogenis's terminal illness and within two years of his death, was in practical effect a transfer in contemplation of death. Sec. 72.12 (4)(a) reclaims for tax purposes transfers which remove property from a taxable estate in contemplation of death. The state therefore claims the full value of the properties as part of Mr. Mavrogenis's taxable estate.

The only relevant distinction between a tenancy in common and a joint tenancy with the right of survivorship is the survivorship feature.[4] In a joint tenancy, each joint tenant has "an equal interest in the whole property for the duration of the tenancy. . ." sec. 700.17 (2), Stats. 1973.[5] In a tenancy in common, each tenant

survivor is not taxed. If the property was acquired by gift, bequest, devise or inheritance by the decedent and any other person, the taxable portion is determined by dividing the clear market value of the property by the number of owners, unless the instrument creating this ownership creates interests in a different proportion."

[3] This statute took effect May 14, 1972. Ch. 310, Laws of 1971. It was repealed and recreated with the new version effective July 1, 1976. Ch. 222, Laws of 1975, sec. 72.12(6). Under the new statute, inapplicable to this case, it is no longer necessary for a surviving spouse to prove contribution in order to claim a one-half exemption on jointly-held property.

[4] Campfield, Estate Planning for Joint Tenancies 1974 Duke L.J. 669, 683.

[5] "700.17 Classification and characteristics of concurrent Interests. (1) Classification of Concurrent Interests. Interests in property may be owned concurrently by 2 or more persons as joint tenants or as tenants in common.

"(2) Characteristics of Joint Tenancy. Each of 2 or more joint tenants has an equal interest in the whole property for the duration of the tenancy, irrespective of unequal contributions at

in common "has an undivided interest in the whole property for the duration of the tenancy." Sec. 700.17(3). Mrs. Mavrogenis argues that her husband owned an undivided one-half interest in the three parcels of real estate before the conversion and an undivided one-half interest after the conversion; because the decedent did not divest himself of anything, nothing was transferred in contemplation of death.

In the case of *Sullivan's Estate v. Commissioner* (9th Cir. 1949), 175 Fed. 2d 657, the court took that approach. Husband and wife agreed to terminate a joint tenancy and henceforth hold the properties as tenants in common; additionally, property held in joint tenancy was given to their son. The court considered the husband's power to convey only his interest as dispositive of the question of whether the gift was 100% taxable as in contemplation of death. Under California law, the husband could not dispose of anything more than his own 50% interest in the jointly held property. 175 F. 2d at 658. Thus, the decedent had given only a 50% interest to his son in contemplation of death. Only that amount was taxed.

Wisconsin law parallels California law in this respect. This court has said that joint tenants have the right to sell their undivided interest or to seek and obtain partition, subject to homestead restraints. *Nichols v. Nichols* (1969), 43 Wis. 2d 346, 349, 168 N.W. 2d 876.

---

its creation. On the death of one of 2 joint tenants, the survivor becomes the sole owner; on the death of one of 3 or more joint tenants, the survivors are joint tenants of the entire interest.

"(3) *Characteristics of Tenancy in Common.* Each of 2 or more tenants in common has an undivided interest in the whole property for the duration of the tenancy. There is no right of survivorship incident to a tenancy in common; but a remainder may be created to vest ownership in the survivor of several persons who own as tenants in common other preceding interests (such as a life interest) in the same property."

Under property law, the decedent had a 50% interest both before and after the conversion; no more than that could be transferred in the property sense, and therefore no more than that should go through the estate.

The state asks us to reject the *Sullivan* rationale. It urges that at the time the decedent died, it was the law of this state, under sec. 72.12(6), to tax the full value of properties held in joint tenancy, subject to the contribution by the living cotenant. The policy was to avoid giving a non-contributing surviving spouse a tax benefit which he or she would not have received had the same property been inherited after being solely owned by the decedent. Boykoff, *The New Wisconsin Inheritance, Estate and Gift Tax Law*, 56 Marq. L. Rev. 453, 468 (1973).

Thus, the state argues, "Transferor's estate" under sec. 72.12(4)(a) should include the interest which would have been taxed if the conversion had not taken place. This would equal 100 percent of the value of the properties. Under this reasoning, the lower court order fixing the value at 50 percent was in error.

The state's position is supported by the case of *Harris v. United States* (D.C. Neb. 1961), 193 F. Supp. 736.

The inheritance tax law in Wisconsin when this case arose was modeled after federal tax law, though with variations not material to the resolution of this case.[6]

The Wisconsin Legislature when it adopted sec. 72.12 (6) stated "sub. (6) is patterned after I.R.C.S. 2040 to tax the transfer of jointly held property in the same manner as the federal method."

In the case of *In re Estate of Kersten* (1976) 71 Wis. 2d 757, 763, 239 N.W. 2d 86, this court in referring to the interpretation to be given to sub. (6) said:

"With such the legislative intent—to have no dissimilarity between state and federal rules as to jointly

---

[6] Boykoff, *supra*, p. 467. See 26 U.S.C., secs. 2035, 2040.

held property—construction by the federal courts of the parallel federal provision—here sec. 2040—ought to be given considerable weight."

Several federal court cases have followed the reasoning of *Sullivan, supra,* supportive of the position of Mrs. Mavrogenis.[7]

We find the federal court rulings supportive of petitioner's position persuasive and we follow them here. We hold therefore that upon the death of Mr. Mavrogenis only his undivided half interest in the three parcels was included in his estate for tax purposes.

*By the Court.*—Order affirmed.

---

[7] *Estate of Brockway* (1952), 18 T.C. 488 aff'd. on other grounds, (9th Cir. 1954), 219 Fed. 2d 400, acq. 1969–2 C.B. xxiv; *Estate of Carnall* (1955), 25 T.C. 654, acq. 1969–2 C.B. xxiv; *R.F. Steen v. United States* (1951), 51–1 USTC par. 10, 818. Each case used the *Sullivan* approach of valuing a conversion of property for tax purposes by using property law concepts. More recently, the Oregon Supreme Court followed *Sullivan. Hardwick v. Dept. of Revenue* (Or. 1975), 535 Pac. 2d 89. Cf. Rev. Rul. 76–348, 1976–37 IRB 10.