**CLEARFIELD STATE BANK, a corporation, Plaintiff and Appellant,**

v.

**J. G. CONTOS, aka James G. Contos, Defendant and Respondent.**

No. 14521.

Supreme Court of Utah.

March 29, 1977.

Carl T. Smith, Ogden, for plaintiff and appellant.

Pete N. Vlahos and Stephen W. Farr, of Vlahos & Knowlton, Ogden, for defendant and respondent.

**624**

CROCKETT, Justice:

Plaintiff, Clearfield State Bank sued Defendant, James G. Contos to foreclose a security agreement (chattel mortgage) on household furniture and equipment because the defendant had failed to make the payments on a $2,500 note for which that property was pledged as security. Upon representations of the defendant that the defendant's wife Jolene Contos (who was not a party to this suit) had an ownership interest in the property, the trial court refused to grant plaintiff the relief sought.

Upon the application of defendant James Contos the plaintiff bank on January 4, 1974 advanced him the money referred to and took the "Security Interest Agreement" in the furniture and appliances of defendant's household as collateral. The evidence is that the defendant discussed with plaintiff bank the fact that this property was also owned by his wife of ten years and that she would not sign the agreement nor be a party to the transaction. Nevertheless, the bank chose to make the loan and take the security agreement with only the defendant's signature.

On November 12, 1974, defendant filed bankruptcy in the United States District Court. On February 25, 1975, the trustee in bankruptcy, with the bankruptcy court's approval, disclaimed any interest in the property involved herein. This indicated only that in the opinion of the trustee, whose duty it is to conserve and manage the assets for the benefit of both the creditors and the bankrupt, that there would be no advantage to them in asserting a claim to the property. The result of the disclaimer was that neither the title to the property, nor the security agreement (chattel mortgage) was affected by the bankruptcy.[1] On April 18, 1975, the defendant received a discharge in the bankruptcy proceeding.

Plaintiff then sought to obtain possession of the furniture, but was not allowed to do so. It then brought this action to obtain possession by legal procedure on the basis of the security agreement.

For some reason which is not clear to us the plaintiff bank cites and relies on Sec. 70A–9–112, U.C.A.1953:

> Where collateral is not owned by debtor.—Unless otherwise agreed, when a secured party knows that collateral is owned by a person who is not the debtor, the owner of the collateral is entitled to receive from the secured party any surplus . . . and is not liable for the debt or for any deficiency after resale,
> . . . .

It will be noted that that section does not apply to a situation such as we have here where the debtor (defendant James Contos) pledges someone else's (his wife's) property without authority to do so.[2] It applies to situations where the owner of property, though not the debtor, is willing that his property be pledged to secure the indebtedness of another; and it provides for the protection of his property rights.

We see no reason to disagree with the finding of the trial court that Mrs. Contos had an ownership interest in this property superior to the plaintiff's interest therein.[3] The evidence is that it was acquired as part of the ongoing family enterprise during the years of the marriage. Where a husband and wife hold property so acquired as joint owners, either may transfer his interest in the property so held without affecting the interest of the other.[4] Since the rights of each spouse are alienable, any purchaser or encumbrancer does not become a joint tenant in the property,

1. *In re Polumbo*, 271 F.Supp. 640 (W.D.Vir.); Collier on Bankruptcy, 14th Ed. Vol. 4A, Para. 70.42.

2. See Comment to Uniform Commercial Code, Sec. 9–112; 69 Am.Jur.2d Secured Transactions Sec. 219.

3. See Sec. 30–2–1, U.C.A.1953, which provides that a wife may own separately her real and personal property; and see Utah Const., Sec. I, Art. 4.

4. *Franks v. Wood*, 217 Ark. 10, 228 S.W.2d 480; *In re Ved Elva, Inc.*, 260 F.Supp. 978 (D.C.N.J.); *Sieb's Hatcheries v. Lindley*, 111 F.Supp. 705 (D.C.Ark.).

but becomes a tenant-in-common with the remaining spouse.[5]

It is not to be questioned that no judgment can be obtained against the wife, Jolene Contos, either on the promissory note or the security agreement for two good reasons: she was not a signer on either of those documents, nor was she made a party to this action. Accordingly, whatever interest she may have in the property in question is not affected by the judgment herein. It may well be that the matter of her ownership interest in the property, as compared to whatever interest therein the plaintiff bank acquires through this proceeding against her husband, will have to be settled hereafter.

We return to a consideration of the rights of the bank against defendant James Contos. The latter can, of course, also deal freely and independently with his own personal property. This he did and committed his interest in the subject property to the plaintiff bank in entering into the security agreement. In opposition to the foreclosure he asserts two propositions. First, he talks about the right to exemption of the property as household furniture under Sec. 78–23–1, U.C.A.1953. It matters not that the property may be subject of such an exemption. The owner thereof may nevertheless sell or alienate his property of that nature, or any interest that he may have therein.[6] To rule otherwise would have the effect of depriving him of part of his property rights therein. Moreover, it would be repugnant to elementary principles of justice to permit him to pledge this property to obtain $2,500 from the bank and then try to defeat the bank's claim by asserting that he had no right to make the pledge.

The second proposition advanced by the defendant is that his wife owns a joint interest in the property, wherefore plaintiff bank is not entitled to a judgment for its possession. We are not aware of any doctrine of law or equity which enables a party

to an action (defendant James Contos) to assert as an effective defense the fact that a third person, not a party to the action (defendant's wife) also has an interest in the property.

As a consequence of what has been said herein, it is our conclusion that the plaintiff bank is entitled to an adjudication of foreclosure on its security agreement of whatever interest the defendant James G. Contos owns in the subject property. The case is remanded for the purpose of entering a judgment accordingly. Cost to appellant (plaintiff).

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.

---

**5.** *Dvorken v. Barrett,* 100 N.J.Super. 306, 241 A.2d 841; *Baker v. Westfall,* 30 Misc.2d 946, 219 N.Y.S.2d 328.

**6.** *Pope v. McBride,* 207 Ark. 940, 184 S.W.2d 259; *Sieb's Hatcheries v. Lindley,* footnote 4 above.