**Douglas A. NELSON, Plaintiff and Respondent,**

v.

**Michelle Marion DAVIS and Monique Skinner, Defendants and Appellants.**

**No. 15659.**

Supreme Court of Utah.

Feb. 23, 1979.

---

Samuel King, Salt Lake City, for defendant and appellant.

Wendell E. Bennett, Salt Lake City, for plaintiff and respondent.

CROCKETT, Chief Justice:

Defendant Michelle Marion Davis, executrix of the estate of her mother Betty N. Nelson, appeals from a judgment which held invalid a deed, and ineffective a notice of termination of joint tenancy, which decedent had executed, and adjudged ownership in the family home to be in plaintiff Douglas A. Nelson.

Plaintiff and his first wife, Barbara Nelson, purchased the home which is located at 3061 Canyon View Circle, Salt Lake City, in 1960, as joint tenants with right of survivorship. Barbara died in 1975 and plaintiff Douglas succeeded to ownership as the survivor. On March 11, 1976 plaintiff Douglas married defendant's mother, Betty N. Nelson. She had two children from her previous marriages: defendant Michelle Davis, born March 7, 1955, and Monique Skinner, born February 26, 1962.

Two months after that marriage plaintiff executed a quit claim deed of the home to

himself and his new wife Betty N. Nelson as joint tenants. He continued to make the payments on the home out of his earnings. The marital relationship deteriorated during that summer and plaintiff moved out of the home on September 3, 1976. Betty Nelson was hospitalized in that same month and surgery revealed what was later to turn out to be terminal cancer. Plaintiff filed for divorce on October 4, 1976.

At a hearing on Mrs. Nelson's order to show cause on October 22, 1976, her own counsel urged that the court should include in its temporary order a provision that no major asset of the parties should be disposed of or encumbered pending the outcome of the case. However, a few days after that hearing, and before the preparation and entry of the formal order of the court, defendant's mother Betty N. Nelson executed a deed of her interest in the home to her daughter, defendant Michelle Davis; and also signed a document entitled "Notice of Termination of Joint Tenancy" which was recorded on November 4, 1976.

On that same date Judge Dean Conder signed and filed the order pursuant to the show cause hearing which provided, inter alia, that: the husband Douglas should continue to make the payments; that the wife Betty could occupy the house and further, that she "may convert the joint tenancy to a tenancy in common," but that the "property cannot be conveyed to a third party." A further order in that case, entered November 19, 1976, reaffirmed and continued that restraining order.

In January 1977 Betty Nelson filed a motion for leave to record the deed to her daughter defendant Michelle. The motion recited the fact that the court has restrained the parties from disposing of any assets while the case is pending and recites that

Defendant's said daughter, Michelle Marion Davis, has joined in this motion, and agrees that should the court allow the deed to be recorded, that she will also

agree that an order be recorded and entered providing that Michelle may in no way convey, encumber or otherwise dispose of the home, and . . . that such asset will remain within the jurisdiction of the court.

Upon a hearing thereon another district judge, David Winder, denied that motion and in his order provided that there should be "no further transfer of the property." Before the divorce case went to trial, Betty N. Nelson died on May 24, 1977. Ten days thereafter the deed to the daughter, defendant Michelle Davis was recorded.

It is on the basis of the foregoing facts that the defendant Michelle Davis challenges the plaintiff's ownership of the home and claims her mother's interest therein through her mother's deed, or in the alternative, as the executrix of her mother's estate.

Upon a trial to the court Judge James Sawaya found the issues in favor of the plaintiff and decreed ownership of the home in him, based on the following propositions: that the purported notice of termination of joint tenancy was of no effect; that at the time defendant's mother executed the quit claim deed to her, she did so contrary to a court order that she should not convey the property, by reason of which the defendant obtained nothing because she had actual notice of that fact; and further, that there was no evidence of a valid delivery of the deed to the defendant. We comment briefly on each of those propositions.

 It is not to be questioned that a joint tenant may in proper circumstances make a bona fide conveyance of his interest in property to a third party, nor that this has the effect of terminating the joint tenancy, and converting the ownership into a tenancy in common.[1] However, this is not accomplished by a mere unilateral declaration of termination of such a tenancy. Such a declaration is but a nullity, which has no effect upon the joint tenancy.[2] Con-

---

1. *Tracy-Collins Trust Co. v. Goeltz*, 5 Utah 2d 350, 301 P.2d 1086.

2. *Clark v. Carter*, 265 Cal.App.2d 291, 70 Cal. Rptr. 923; and *Newman v. Youngblood*, 394 Ill. 617, 69 N.E.2d 309.

sequently, notwithstanding the purported declaration of termination filed on behalf of Betty N. Nelson, the joint tenancy ownership with her husband, plaintiff Douglas Nelson continued to exist until her death, and then vested in him as the survivor.

■ The facts are undisputed that defendant Michelle Davis knew that the home in question was an asset of the marital estate being dealt with in the divorce action; and that she knew of the interdiction against it being conveyed or transferred until the court's adjudication concerning it. Consequently, because of that actual knowledge, any interest she may have acquired by the quit claim deed, was subject to the disposition of the property to be made in that action.

■ Consistent with and further supportive of the determination made by the trial court is its finding that there was "no evidence of delivery" to the defendant of her mother's quit claim deed, which would be essential to its vesting of any interest in her.[3]

We say what we have said herein advisedly, notwithstanding defendant's contention that the order of November 4, 1976, that her mother "may convert the joint tenancy to a tenancy in common" became res judicata because that order was never appealed from. From what has been said above it is obvious that there was never any such conversion of the joint tenancy to a tenancy in common, either by the purported declaration of termination of joint tenancy, or by the abortive attempt to deed the property to defendant Michelle Davis.

■ Defendant's alternative contention is that, even if she does not take by the deed, she should be entitled to succeed to her mother's interest in the property as the executrix of her estate and her heir. As has been explained above, upon the death of her mother, plaintiff became the owner of the home as the surviving joint tenant, just the same as defendant's mother would have done if she had survived her husband. In regard to any rights in the property that her mother may have acquired in the divorce action, the principle announced by this Court in the case of *Daly v. Daly*[4] is applicable: that when the death of one or both parties to a divorce action occurs during the pendency of the action, the action itself abates and their status, including their property rights, reverts to what it had been before the action was filed.

On the basis of the discussion herein, it is our conclusion that the defendant has failed to discharge the burden which is hers of demonstrating that the court committed error which would justify reversal of the judgment.[5]

Affirmed. Costs to plaintiff (respondent).

MAUGHAN, WILKINS, HALL and STEWART, JJ., concur.

---

3. *Givan v. Lambeth*, 10 Utah 2d 287, 351 P.2d 959.

4. Utah, 533 P.2d 884.

5. See *Charlton v. Hackett*, 11 Utah 2d 389, 360 P.2d 176.