**LeGrande L. BELNAP, Plaintiff and Appellant,**

v.

**WALKER BANK & TRUST COMPANY, in its corporate capacity, Defendant and Respondent.**

**No. 16849.**

Supreme Court of Utah.

March 3, 1981.

John T. Anderson, Salt Lake City, for plaintiff-appellant.

Don J. Hanson, Salt Lake City, for defendant-respondent.

WAHLQUIST, District Judge:

LeGrande L. Belnap requested that the trial court declare the Walker Bank & Trust Company's recorded mortgage on the Belnap home invalid. The bank's reply requested that the mortgage be declared valid. Both sides moved for summary judgment. The court granted defendant's motion and declared the mortgage valid.[1] Plaintiff appeals. We affirm the judgment.

The judgment was based on multiple grounds. It is necessary to discuss only one.

LeGrande Belnap's mother and father owned the home in question. Eventually, Mr. Belnap's parents made a deed conveying the ground in question to Mr. Belnap and his wife, their daughter-in-law. LeGrande Belnap claims under that deed in his pleadings. Bits of the testimony during discovery challenge the validity of the deed, but that deed is the plaintiff's sole source of claim to title. This deed was never recorded, perhaps because it was improperly notarized. Later, a new subdivision in the general area was organized. The parents signed as owners, organizers, and subdividers of the area in question. LeGrande Belnap notarized those signatures. Still later, LeGrande Belnap's parents are alleged to have made a new deed in favor of Mr. Belnap's wife only. This deed was recorded. The second deed describes the ground by lot numbers, in accordance with the sub-

---

1. See Utah Rules of Civil Procedure, Rule 56.

division plat; however, the boundaries closely coincide with those in the earlier deed. The validity of this new deed was contested. However, the trial court did note that the evidence was overwhelming that the signature of Mr. Belnap's father was genuine, and that the signature of Mr. Belnap's mother was not in her hand.

Mr. Belnap and his wife jointly procured a loan from the Walker Bank. The first deed was delivered to the bank as evidence of LeGrande Belnap's and his wife's title. Mrs. Belnap was the mortgagor. She signed the mortgage, but both of the Belnaps signed the note. Later, Mrs. Belnap secured a new loan from the Walker Bank & Trust Company, and issued a new trust deed. Some of the monies on this second mortgage were used to pay off the earlier mortgage. What happened to the rest of the funds is contested.

██ The trial court made a thorough and extensive analysis of the contentions of the parties. He concluded that if either of the deeds purportedly executed by the parents of Mr. Belnap were valid, that the mortgage would then be valid. The court concluded that if one joint tenant executes a conveyance, or encumbers the land, the effect of such an act is to destroy the joint tenancy and to transfer or encumber to the new parties the share of the person executing the document or encumbrance. It was noted by the trial judge that it was immaterial whether Mrs. Belnap held her interest as a joint tenant with Mr. Belnap under the first deed, or held the entire land for herself under the second deed, or one-half of it; because even if only one-half of the property, or a fourth of it, was vulnerable to the execution of the mortgage, the mortgage would be good. This result is reached because the unpaid portion of the mortgage was only a small fraction of the value of the property mortgaged.

██ This ruling is in accordance with a ruling handed down recently by this Court, since a partial owner may sell or encumber her share.[2]

This case has been in litigation for about eight years. The logic and facts noted above are sufficient to dispose of the case; however, it is noted that the plaintiff makes numerous other allegations and asserts various theories of law based thereon. The trial court's memorandum decision correctly demonstrates that they are for the most part incongruous theories not justified by the facts or the law. Two examples are noted:

Plaintiff contends that he should have been granted summary judgment in accordance with the "principle of res judicata." He refers to one of the lawsuits in which the bank acted as personal representative for the estate of his late wife. The bank had presented for probate what purported to be a will made by Mr. Belnap's wife, which was totally in favor of Mrs. Belnap's children, and disinherited Mr. Belnap. Mr. Belnap contested the will, and asserted that there was a later will made by his wife which was in his favor. That lawsuit was eventually settled by a written stipulation. The stipulation recites that numerous properties would be divided in a certain fashion. One of the pieces of property discussed was this family home. The stipulation gave Mr. Belnap the family home, but he assumed the obligation to hold the children harmless from any claim that might be made against the estate or the children, growing out of the mortgage. Mr. Belnap's motion for summary judgment relied in part upon the theory that the bank never did present, in the probate action, a formal claim against the estate. The bank countered by pointing out that they petitioned for and were granted permission to pay to themselves monthly payments on the very mortgage in question, and that the validity of that mortgage was clearly not disputed by the heirs named in the will. The record supports their contention. The question of the validity of the mortgage was saved by the stipulation.

---

2. See *Close v. Adams*, No. 16630, filed April 9, 1980, as a Per Curiam opinion, which discusses another problem of the same type, and also cites our decision in *Tracy-Collins Trust Company v. Goeltz*, 5 Utah 2d 350, 301 P.2d 1086 (1956).

The bank also countered by moving for summary judgment relying on the "principles of res judicata." In one of the other lawsuits, Mr. Belnap had sued the bank, and other individuals, seeking damages of millions of dollars, alleging in part that the bank had libeled Mr. Belnap's title to his home by asserting, and continuing to assert, the validity of the very mortgage here in question. The bank asserted that the mortgage was enforceable. The trial court had ordered the parties to comply with certain discovery orders of a pre-trial nature. Mr. Belnap did not comply with those orders. The bank moved for judgment. The court awarded a judgment, which was on the merits under our rules. Mr. Belnap appealed that action to this Court, but later dismissed his appeal. The parties have in fact directly litigated the validity of that mortgage which is now questioned in this case. The dismissal because of failure to comply with pre-trial procedure is on the merits, unless the order specifically states otherwise.[3] Mr. Belnap asserts that the principle "res judicata" should not be applicable in this case because it applies to earlier lawsuits which were concluded before the one in question began. He asserts that these two cases were proceeding in the district court at the same time. The bank adds the observation that one case reached a full conclusion before this case in question was presented for summary judgment. It is in accordance with the best recognized principles that where a matter is being litigated in two separate actions, the first full and final ruling on the issues involved is controlling. It is not necessary to test the validity of the court's finding in that case.[4] It is adequate to note that there was no affirmative ruling therein in favor of the plaintiff here.

It would be pointless for us to burden the record with a recital of all of the considerations ruled on by the trial court in its memorandum decision. It is sufficient to recognize that the principal contentions of the parties were those discussed above, and that ruling on those matters totally disposes of the case.

The defendant is awarded costs.

STEWART and HOWE, JJ., and R. L. TUCKETT, Retired Justice, concur.

CROCKETT, J., heard the arguments, but retired before the opinion was filed.

MAUGHAN, C. J., and HALL, J., do not participate herein.

WAHLQUIST, District Judge, and R. L. TUCKETT, Retired Justice, sat.

---

3. Utah Rules of Civil Procedure, Rule 41.

4. Utah Rules of Civil Procedure, Rule 52.