Dean W. CROWTHER, Plaintiff
and Appellee,

v.

Bryan D. MOWER, Defendant
and Appellant.

No. 930446–CA.

Court of Appeals of Utah.

June 9, 1994.

---

Bryan D. Mower, appellant pro se.

G. Brent Smith (argued), Salt Lake City, for appellant.

Verl C. Ritchie (argued), Salt Lake City, for appellee.

Before BILLINGS, DAVIS and ORME, JJ.

## OPINION

DAVIS, Judge:

Appellant Bryan D. Mower appeals from a final summary judgment, ordering him to quit claim interest in a parcel of real property in favor of appellee Dean W. Crowther. We reverse and remand.

## FACTS

Nellie Crowther, Crowther's wife and Mower's mother, owned in joint tenancy with Crowther, a parcel of real property (the Property), in Summit County, where the Crowthers resided.

On December 15, 1988, Mrs. Crowther executed a quit claim deed conveying her interest in the Property to her son Mower, who was living in Simi Valley, California. Mrs. Crowther's attorney, W. Paul Wharton, sent the quit claim deed, together with a copy of a codicil to Mrs. Crowther's will, to Mower via certified mail.

In Wharton's letter of transmittal, dated December 16, 1988, he noted that he was including the quit claim deed, along with a deed for another parcel of property. He stated, "Acting upon your Mother's request, I am forwarding the two Deeds to you, to complete the transaction by which she transfers ownership to you. The Return Receipt will show that you have received the two Deeds, in case any question of delivery should ever arise." He also stated, "please keep this letter ... as an indication of your Mother's intention to deliver the deeds and how that was accomplished." Earlier in the letter, he stated,

> As you know, your Mother wanted to be sure that you receive a ½ interest in her property; her intention is to leave the other ½ to her step-children. There are two possible chain of events—either your Mother dies before her husband does, or she dies after he does. If she dies first, you should promptly, as soon as it is possible, record the two deeds with the respective County Recorder. If your step-father dies first, I would suggest you contact me

(after you've discussed matters with your Mother).

Mrs. Crowther's codicil, signed December 14, 1988, stated "I have by Quit-claim Deed, given to my son one-half of my home and other real property."

Mrs. Crowther died August 9, 1991, while still married to Crowther. Six days later, on August 15, 1991, Mower recorded the quit claim deed.

Crowther instituted a quiet title action against Mower claiming that the deed did not terminate the joint tenancy because of Mower's failure to record the deed prior to Mrs. Crowther's death. Crowther claimed that, upon Mrs. Crowther's death, the Property vested in him by reason of survivorship. Neither party disputed that the deed was delivered, nor did they claim that the quit claim deed was ambiguous on its face. Both parties moved for summary judgment and for attorney fees. Mower, although he initially appeared pro se, requested fees incurred for "bonds and various consulting charges."

The trial court granted summary judgment in favor of Crowther. The minute entry reveals only that the court granted summary judgment in favor of Crowther and that attorney fees would be awarded. The summary judgment, entered April 14, 1993, stated that the court found "no material uncontroverted facts" and that Crowther was entitled to attorney fees. The court declared the quit claim deed to be "null and void and of no force or effect whatsoever." The court then awarded Crowther $1300 in attorney fees pursuant to Utah Rule of Civil Procedure 11.

Mower moved for reconsideration of the summary judgment. The court denied the motion and made another minute entry stating, "The court has found that [Mrs. Crowther] did not have such present intent to [convey] as evidenced by the instructions from counsel. . . . The court has found that there was lacking a present intent to sever the joint tenancy and thus the later filing of the deed was ineffective to convey an interest to [Mower]."

After judgment was entered, Mower moved for reconsideration of the attorney

fees award. The court denied this motion, making the following minute entry: "The Court has been concerned with the plethora of irrelevant and spurious documents filed by [Mower] in this matter."

## SUMMARY JUDGMENT

"Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Utah R.Civ.P. 56(c); *Winegar v. Froerer Corp.*, 813 P.2d 104, 107 (Utah 1991). "In reviewing the trial court's ruling, we accept the facts and inferences in the light most favorable to the losing party. Because summary judgment is granted as a matter of law, we may reconsider the trial court's legal conclusions." *Winegar*, 813 P.2d at 107.

## ANALYSIS

### I. Dissolution of Joint Tenancy

■ When a joint tenant makes "a bona fide conveyance of his interest in property to a third party, . . . this has the effect of terminating the joint tenancy, and converting the ownership into a tenancy in common." *Nelson v. Davis*, 592 P.2d 594, 596 (Utah 1979); *accord Clearfield State Bank v. Contos*, 562 P.2d 622, 624–25 (Utah 1977); *Tracy–Collins Trust Co. v. Goeltz*, 301 P.2d 1086, 1090 (Utah 1956) (joint tenant who conveys or mortgages real property terminates joint tenancy and creates tenancy in common).

"[E]ither party to a joint tenancy may terminate it . . . and . . . the consent of the other tenants to the severance or termination is not required." 48A C.J.S. *Joint Tenancy* § 16 at 343 (1981); *accord Nelson*, 592 P.2d at 596, 597; *Clearfield State Bank*, 562 P.2d at 624–25.

■ The valid conveyance itself destroys the joint tenancy, and a joint tenant need not notify the other tenant or record the conveyance. *See Burke v. Stevens*, 264 Cal.App.2d 30, 70 Cal.Rptr. 87, 90–91 (1968) ("It was unnecessary in connection with the execution of such a deed that there should be notification to the other joint tenant and unnecessary that the deed be recorded; neither ac-

knowledgment or recordation is necessary.");
48A C.J.S. *Joint Tenancy* § 17 at 345.

■ "Survivorship is the distinctive characteristic or major incident of an estate in joint tenancy." 48A C.J.S. *Joint Tenancy* § 3 at 302. However, survivorship is an expectancy and not a future interest because a joint tenant has but a "conditional opportunity of becoming the owner of the whole interest." *Estate of Breckon v. Tax Comm'n*, 591 P.2d 442, 443 (Utah 1979).

"The effect of a severance by a joint tenant is to terminate the incident of survivorship as between him and the other joint tenants." 48A C.J.S. *Joint Tenancy* § 19 at 351 (citing *Tracy–Collins*, 301 P.2d at 1090); *accord* 20 Am.Jur.2d *Cotenancy and Joint Ownership* §§ 14 & 16 at 108, 109 (1965).

■ Accordingly, Mrs. Crowther had no interest in the Property at the time of her death, having transferred her interest to Mower, and Crowther's ownership interest had already changed from a joint tenancy to a tenancy in common.

## II. Effect of Failure to Record

Crowther argues that Mrs. Crowther did not convey her interest because Mower failed to record the deed prior to her death, or alternatively, that Mrs. Crowther did not intend to transfer her interest. We disagree.

■ A quit claim deed, "when executed as required by law shall have the effect of a conveyance of all right, title, interest and estate of the grantor in and to the premises therein described and all rights, privileges and appurtenances thereunto belonging, at the date of such conveyance." Utah Code Ann. § 57–1–13 (1994). The fact that such a deed is not recorded or that recording is delayed "does not affect the validity of a document with respect to the parties to the document and all other persons who have notice of the document." Utah Code Ann. § 57–3–2(3). In fact, Utah's recording laws "do not make recordation a prerequisite to the validity of a deed." *Gregerson v. Jensen*, 669 P.2d 396, 398 (Utah 1983) (unrecorded deed valid against interest of subsequent buyers who failed to record their own interest); *Tarpey v. Desert Salt Co.*, 5 Utah 205,

14 P. 338, 339 (1887) (unrecorded conveyance valid between parties and to all parties having actual notice), *aff'd*, 142 U.S. 241, 12 S.Ct. 158, 35 L.Ed. 999 (1891). Nor is compliance with the recording statute necessarily a prerequisite to enforcing the terms of the deed. *Larson v. Overland Thrift & Loan*, 818 P.2d 1316, 1323 (Utah App.1991); *cert. denied*, 832 P.2d 476 (Utah 1992).

■ On the other hand, an unrecorded deed is void against a subsequent purchaser who purchases in good faith and for valuable consideration and who first duly records the deed. Utah Code Ann. § 57–3–3; *see Horman v. Clark*, 744 P.2d 1014, 1016 (Utah App.1987) (grantor has no duty to record, while grantee has option to record or assume risk of subsequent grantee acquiring superior rights by recordation). A joint tenant does not, by reason of that status, qualify as a good faith purchaser for purposes of the recording statute.

■ Thus, a conveyance is valid when the grantor, with present intent to convey, delivers the deed. *Winegar v. Froerer Corp.*, 813 P.2d 104, 110 (Utah 1991); *Baker v. Pattee*, 684 P.2d 632, 635 (Utah 1984). Recordation is immaterial in determining whether a conveyance has terminated a joint tenancy. *See Burke v. Stevens*, 264 Cal. App.2d 30, 70 Cal.Rptr. 87, 90–91 (1968); 48A C.J.S. *Joint Tenancy* § 17 at 345 (1981).

■ Here, the fact that Mower delayed recording the quit claim deed does not affect its validity as between him and his mother, and Crowther is not a subsequent purchaser. Utah Code Ann. § 57–3–2(3). Thus, the fact that Mower delayed recording the deed is irrelevant to Crowther's claim. *See* Utah Code Ann. § 57–3–3.

## III. Intent of Grantor

■ A conveyance is valid upon delivery of a deed with present intent to transfer. *Winegar v. Froerer Corp.*, 813 P.2d 104, 110 (Utah 1991); *Baker v. Pattee*, 684 P.2d 632, 635 (Utah 1984).

"If the contract is in writing and the language is not ambiguous, the intention of the parties must be determined from the words

of the agreement." *Winegar*, 813 P.2d at 108. "A court may only consider extrinsic evidence if, after careful consideration, the contract language is ambiguous or uncertain." *Id.*

Here, neither party claims the language of the quit claim deed is ambiguous. Moreover, the language of the codicil supports Mrs. Crowther's intent to convey: "I have by Quit-claim Deed, given to my son one-half of my home and other real property."

Wharton's letter also supports Mrs. Crowther's intent to convey under the quit claim deed. The letter stated that Wharton was forwarding the deed "to complete the transaction by which she transfers ownership to you." The letter stated that one of its purposes was to indicate "your Mother's intention to deliver the deeds and how that was accomplished."

The language of the quit claim deed supports a conclusion that the quit claim deed is unambiguous as a matter of law. We determine that, as a matter of law, the evidence is uncontroverted that at the time Mrs. Crowther had the deed delivered, she had the present intent to convey the Property. We therefore remand for entry of judgment dismissing Crowther's complaint with prejudice and granting Mower such relief as may be necessary to effectuate the validity of Mrs. Crowther's quit claim deed.

### IV. Attorney Fees

■ Mower claims the court erred as a matter of law in awarding attorney fees in favor of Crowther pursuant to Utah Rule of Civil Procedure 11.

Rule 11 provides:

The signature of an attorney or party constitutes a certification by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Rule 11 provides that when a pleading is signed in violation of the Rule, the court shall impose a reasonable attorney fee.

Given our determination that Mower's position at trial was warranted by existing law, we must likewise reverse the trial court's attorney fee award and refuse to award Crowther attorney fees on appeal.

Crowther's arguments on appeal were "warranted by existing law" to the extent they were based on an outstanding order of a trial judge. *See Rimensburger v. Rimensburger*, 841 P.2d 709, 712 (Utah App.1992). Thus, we do not award Mower attorney fees on appeal.

### CONCLUSION

We reverse the summary judgment and remand with instructions to enter judgment in favor of Mower and to enforce the terms of Mrs. Crowther's quit claim deed. We also reverse the trial court's award of attorney fees and award Crowther no attorney fees on appeal.

BILLINGS, J., concurs.

ORME, J., concurs, with the exception of section III in which he concurs in result only.